# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

METZLER INVESTMENT GmbH, FTC FUTURES
FUND SICAV, and FTC FUTURES FUND PCC LTD.,
ATLANTIC TRADING USA, LLC, 303030 TRADING
LLC, GARY FRANCIS AND NATHANIAL HAYNES,
on behalf of themselves and all others similarly situated,

No. 11-md-2262 (NRB)
No. 11-cv-2613

Plaintiffs,

- against -

CREDIT SUISSE GROUP AG, CREDIT SUISSE AG,
BANK OF AMERICA CORPORATION, BANK OF
AMERICA, N.A., J.P. MORGAN CHASE & CO., J.P.
MORGAN CHASE BANK, N.A., HSBC HOLDINGS
PLC, HSBC BANK PLC, HBOS PLC, BANK OF
SCOTLAND PLC, CITI BANK PLC, LLOYDS
BANKING GROUP PLC, LLOYDS BANK PLC,
PORTIGON AG F/K/A WESTLB AG, WESTDEUTSCHE
IMMOBILIENBANK AG, UBS GROUP AG, UBS AG,
THE ROYAL BANK OF SCOTLAND GROUP PLC, THE
ROYAL BANK OF SCOTLAND PLC, RBS
SECURITIES, INC., DEUTSCHE BANK AG,
DEUTSCHE BANK SECURITIES, INC., DB GROUP
SERVICES (UK) LIMITED, THE NORINCHUKIN
BANK, ROYAL BANK OF CANADA, RBC CAPITAL
MARKETS LLC, THE BANK OF TOKYOMITSUBISHI
UFJ, LTD., COOPERATIVE CENTRAL RAIFFEISEN-
BOERENLEENBANK B.A., SOCIÉTÉ GÉNÉRALE S.A.,
CITIGROUP, INC., CITIBANK N.A., CITIGROUP
GLOBAL MARKETS, INC., MERRILL LYNCH
INTERNATIONAL, ICAP PLC, ICAP EUROPE
LIMITED, TRADITION (UK) LIMITED, TULLETT
PREBON PLC, and JOHN DOES 4-25,

Defendants.

# [PROPOSED] FINAL JUDGMENT AND ORDER AND FINAL APPROVAL OF
## EXCHANGE-BASED PLAINTIFFS' CLASS ACTION SETTLEMENT WITH
## <u>SOCIÉTÉ GÉNÉRALE</u>

This matter came for a duly-noticed hearing on September 17, 2020 (the "Fairness Hearing"), upon the Exchange-Based Plaintiffs' Motion for Final Approval of Class Action Settlement with Defendants Barclays, BOA, Citi, Deutsche Bank, HSBC, JPMorgan, and Société Générale in the above-captioned action (the "Action"). Due and adequate notice of the Stipulation and Agreement of Settlement with Société Générale (incorrectly named as Société Générale S.A.) (hereinafter, "Société Générale" or "SG") entered into on January 13, 2020 (the "Settlement Agreement") [ECF No. 3023-4] having been given to the members of the Settlement Class, the 90-day period provided by the Class Action Fairness Act, 28 U.S.C. §1715(d), having expired, the Fairness Hearing having been held, and the Court having considered the Settlement Agreement and all other papers filed and proceedings had herein and otherwise being fully informed in the premises, and good cause appearing therefore,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1.   **Incorporation of Settlement Documents** – This Final Judgment and Order and Final Approval of Exchange-Based Plaintiffs' Class Action Settlement with Société Générale ("Final Judgment and Approval Order") hereby incorporates by reference the definitions in the Settlement Agreement and the Court's March 2, 2020 Order: (1) Preliminarily Approving Settlements with Defendants Bank of America, Barclays Bank plc, Citi, Deutsche Bank, HSBC Bank plc, JPMorgan, and Société Générale; (2) Approving the Proposed Form and Program of Notice; and (3) Scheduling a Fairness Hearing, *In re LIBOR-Based Fin. Instruments Antitrust Litig.*, No. 11 MD 2262, 2020 WL 1059489 (S.D.N.Y. Mar. 2, 2020); [ECF No. 3038] (the "Preliminary Approval Order"), and all capitalized terms used herein shall have the same meaning as those set forth in the Settlement Agreement or Preliminary Approval Order, unless otherwise indicated.

2.    **Settlement Class Certification for Settlement Purposes** – For purposes only of

the Settlement, the Court hereby finally certifies the Settlement Class, as defined in the Settlement

Agreement and the Preliminary Approval Order (*see* 2020 WL 1059489, at *3):

> **SG Settlement Class:** All persons, corporations and other legal entities that transacted in Eurodollar futures and/or options on Eurodollar futures on exchanges, including, without limitation, the Chicago Mercantile Exchange, between January 1, 2003 and May 31, 2011, inclusive; provided that if Exchange-Based Plaintiffs expand the class period in any subsequent amended complaint, motion or settlement, the period in the Settlement Class definition in this Agreement shall be modified so as to include that expanded class period. Excluded from the Settlement Class are: (i) Defendants, their employees, affiliates, parents, subsidiaries, and alleged co-conspirators; (ii) the Releasees (as defined in Section 1(CC)); (iii) any Settlement Class Member who files a timely and valid request for exclusion; and (iv) any Persons dismissed from this Action with prejudice. *See* Settlement Agreement at ¶2.A, ECF No. 3023-4.

3.    **Requirements of Fed. R. Civ. P. 23 –** Based on the record, the Court reconfirms

that the applicable provisions of Rule 23 of the Federal Rules of Civil Procedure have each been

satisfied for purposes only of the Settlement. .In so holding, the Court finds that the Settlement

Class meets all of the applicable requirements of Rules 23(a) and (b)(3) of the Federal Rules of

Civil Procedure.  The Court hereby finds, in the specific context of and for the sole purposes of

the Settlement, that: (i) the Settlement Class is so numerous that joinder of all members of the

Settlement Class is impracticable, Fed. R. Civ. P. 23(a)(1); (ii) there are questions of law and fact

common to the Settlement Class which predominate over any individual questions, Fed. R. Civ. P.

23(a)(2); (iii) Exchange-Based Plaintiffs' claims in this litigation are typical of those of the

members of the Settlement Class, Fed. R. Civ. P. 23(a)(3); and (iv) Exchange-Based Plaintiffs'

interests do not conflict with, and are co-extensive with, those of absent members of the Settlement

Class and Settlement Class Counsel has adequately represented the interests of the Settlement

Class, Fed. R. Civ. P. 23(a)(4).  The Court further determines that common questions of law and

fact predominate over questions affecting individual members.  Fed. R. Civ. P. 23(b)(3). The Court

also finds that a class action is superior to other available methods for fairly and efficiently adjudicating this controversy.  Fed. R. Civ. P. 23(b)(3).

4. **Settlement Class Counsel** - Pursuant to Rule 23(g) of the Federal Rules of Civil Procedure, and solely for settlement purposes, the law firms of Lovell Stewart Halebian Jacobson LLP and Kirby McInerney LLP are designated as settlement class counsel ("Settlement Class Counsel") for the Exchange-Based Plaintiffs' Action.

5. **Jurisdiction** – This Court has subject matter jurisdiction over this Action under 28 U.S.C. § 1331, and, solely for purposes of approving and effectuating the Settlement Agreement and all exhibits attached thereto, personal jurisdiction over Exchange-Based Plaintiffs, Société Générale, and all members of the Settlement Class .

6. **Notice** – The Court finds that the Mail Notice, Summary Notice, Claim Form, settlement website, and Notice Program implemented pursuant to the Settlement Agreement and approved by the Court in the Preliminary Approval Order: (a) constituted the best practicable notice; (b) constituted notice that was reasonably calculated, under the circumstances, to apprise members of the Settlement Class of the pendency of the Action, of their right to exclude themselves from or object to the proposed Settlement, of their right to appear at the Fairness Hearing, of the Plan of Distribution, and of Settlement Class Counsel's application for any attorneys' fees and for reimbursement of expenses associated with the Action; (c) provided a full and fair opportunity to all members of the Settlement Class to be heard with respect to the foregoing matters; and (d) met all applicable requirements of Federal Rule of Civil Procedure 23, due process, and any other applicable rules or law.  The Court hereby confirms the appointment of A.B. Data, Ltd. as Settlement Administrator.  In accordance with Paragraph 9 of the Preliminary Approval Order and based upon the Declaration of Steven Straub on Behalf of A.B. Data, Ltd. Regarding Notice and

Claims Administration for Exchange-Based Plaintiffs' Class Action Settlements With Settling Defendants, the Court finds that the Settlement Administrator's execution of the Notice Program approved by the Court constituted the best notice practicable under the circumstances and otherwise satisfies all applicable requirements of Federal Rule of Civil Procedure 23 and due process. Based upon Société Générale's submission to the Court dated February 3, 2020 [ECF No. 3026], the Court further finds that Société Générale has complied with and otherwise discharged its obligations under the Class Action Fairness Act 28 U.S.C. §1715(a).

7. **Exclusion from the Settlement Class** – Any Settlement Class Members that have timely and validly submitted a Request for Exclusion from the Settlement Class ("Opt-Outs") are hereby excluded from the Settlement, are not bound by this Final Judgment and Approval Order, and may not make any claim or receive any benefit from the Settlement, whether monetary or otherwise.[1]

8. **Dismissal of the Action as to Société Générale** – Except as to any individual claim by the Opt-Outs, it is hereby determined that all members of the Settlement Class, including the Exchange-Based Plaintiffs, are bound by the Settlement Agreement and this Final Judgment and Approval Order, and all of their and the Releasors' Released Claims against the Releasees, as provided under the Settlement Agreement, are hereby dismissed with prejudice and released. For the avoidance of doubt, the Court hereby dismisses the Exchange-Based Action and all claims that Exchange-Based Plaintiffs have asserted, or sought to assert through leave to amend, against Société Générale in the Action in their entirety and with prejudice. Further, Exchange-Based Plaintiffs' claims against the non-settling defendants in the Action are not dismissed and are not

---

[1] The Opt-Outs to the Settlement are listed in Exhibit A to this Order.

subject to this Final Judgment and Approval Order. The Parties shall bear their own costs, except as otherwise provided in the Settlement Agreement.

9. **Final Settlement Approval** – Pursuant to Rule 23(e)(2) of the Federal Rules of Civil Procedure, this Court hereby finally approves the Settlement, as set forth in the Settlement Agreement, and finds that the Settlement is, in all respects, fair, reasonable and adequate as to, and in the best interests of the Settlement Class Members, including Exchange-Based Plaintiffs. In reaching this conclusion, the Court considered the factors set forth in *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974), *abrogated on other grounds by Goldberger v. Integrated Res., Inc.*, 209 F.3d 43 (2d Cir. 2000) and Rule 23(e)(2) of the Federal Rules of Civil Procedure. This Court further finds that the Settlement set forth in the Settlement Agreement is the result of arm's length negotiations between experienced counsel representing the interests of the Parties, and that Settlement Class Counsel and Exchange-Based Plaintiffs adequately represented the Settlement Class for the purpose of entering into and implementing the Settlement Agreement. Accordingly, the Settlement embodied in the Settlement Agreement is hereby approved in all respects. The Parties are hereby directed to carry out the Settlement Agreement in accordance with all of its terms and provisions, including the termination provisions.

10. **Release** – The Court hereby approves the Releasors' releases of Released Claims as to the Releasees as set forth in this Final Judgment and Approval Order as of the Effective Date.[2]

---

[2] Under Section 12 of the Settlement Agreement:

(A)     Upon the Effective Date, and in exchange for the receipt of the Settlement Amount provided for herein, the receipt and sufficiency of which, as provided for herein, is hereby acknowledged, the Releasors, and any other Person claiming against the Settlement Fund (now or in the future) through or on behalf of any Releasor, shall be deemed to have, and by operation of the final Judgment shall have, fully, finally, and forever released, relinquished, and discharged Releasees from any and all Released Claims, and shall be permanently barred and enjoined from instituting, commencing, or prosecuting any such Released Claim in any lawsuit, arbitration, or other proceeding against any Releasee in any court or venue in any jurisdiction worldwide. Releasors further agree and covenant not to assist any third party in commencing or maintaining any suit against any Releasee related in any way to the Released Claims. Each Releasor shall be deemed to have released all Released Claims against the Releasees regardless of whether any such Releasor ever seeks or

11. **Bar Against Claims for Contribution and Indemnity Against the Releasees** –

To the fullest extent permitted by law, the Court hereby bars claims against the Releasees for

contribution, indemnification, or similar claims (however denominated) for all or a portion of any

amounts paid or awarded in the Action by way of any settlement, judgment or otherwise, by any

---

obtains by any means, including, without limitation, by submitting a Proof of Claim and Release, any distribution from the Settlement Fund or Net Settlement Fund. The releases set forth herein are given pursuant to New York law and shall be construed under New York law, including N.Y. General Obligations Law § 15-108, which bars claims for contribution by joint tortfeasors and other similar claims, without regard to New York's conflict or choice of law principles. This Agreement is expressly intended to absolve Releasees from any claims for contribution, indemnification, or similar claims (however denominated) by (i) any of the other Defendants, (ii) any other Person formerly named as a party in the Action, and (iii) any alleged co-conspirators or any other Person subsequently added or joined as a party in the Action, arising out of or related to the Released Claims, in the manner and to the fullest extent permitted under the law of New York or any other jurisdiction that might be construed or deemed to apply for claims of contribution, indemnification, or similar claims (however denominated) against any Releasee. Notwithstanding the foregoing, should any court determine that any Defendant, Person formerly named as a party in the Action, or any other Person subsequently added or joined as a party in the Action is or was legally entitled to any kind of contribution or indemnification from SG arising out of or related to Released Claims, the Releasors agree that any money judgment subsequently obtained by the Releasors against any Defendant, Person formerly named as a party in the Action, or any other Person subsequently added or joined as a party in the Action, related to the Released Claims shall be reduced to an amount such that, upon paying the entire amount, the Defendant, Person formerly named as a party in the Action, or any other Person subsequently added or joined as a party in the Action, would have no claim for contribution, indemnification, or similar claims against SG. Except in the event of termination of this Settlement, the Parties agree not to assert under Rule 11 of the Federal Rules of Civil Procedure, or any similar law, rule, or regulation, that the Action was brought or defended in bad faith or without a reasonable basis.

(B) Although the foregoing is not a general release, such release constitutes a waiver of Section 1542 of the California Civil Code (to the extent it applies to the Action), which provides as follows:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

This release also constitutes a waiver of any and all provisions, rights, and benefits of any federal, state, or foreign law, rule, regulation, or principle of law or equity that is similar, comparable, or equivalent to, or that has the effect of, Section 1542 of the California Civil Code. The Settlement Class Members acknowledge that they are aware that they may hereafter discover facts in addition to, or different from, those facts which they know or believe to be true with respect to the subject matter of this Agreement, but that it is their intention to release fully, finally, and forever all of the Released Claims, and in furtherance of such intention, the release shall be irrevocable and remain in effect notwithstanding the discovery or existence of any such additional or different facts. In entering and making this Agreement, the Parties assume the risk of any mistake of fact or law, and the release shall be irrevocable and remain in effect notwithstanding any mistake of fact or law.

other Defendant, Person formerly named as a party in the Action, or any other Person subsequently added or joined as a party in the Action.

12. **Bar Against Claims by the Releasees for Contribution or Indemnification** – To the extent permitted by law, the Court bars claims by the Releasees for contribution or indemnification (however denominated) for all or a portion of any amounts paid or awarded in the Action by way of any settlement, judgment or otherwise against any of the Defendants (as defined in the Settlement Agreement).

13. **Termination of Settlement or Failure of Effective Date to Occur** – Notwithstanding the entry of this Final Judgment and Approval Order, in the event that the Settlement does not become effective in accordance with the terms of the Settlement Agreement, (i) the provisions of this Final Judgment and Approval Order dismissing Exchange-Based Plaintiffs' claims shall be null and void; (ii) Exchange-Based Plaintiffs' claims shall be reinstated; (iii) Société Générale's defenses shall be reinstated; (iv) the certification of the Settlement Class and final approval of the proposed Settlement, and all actions associated with it, including but not limited to any requests for exclusion from the Settlement previously submitted and deemed to be valid, shall be vacated and be of no force and effect; (v) the Settlement Agreement, including its exhibits, and any and all negotiations, documents, and discussions associated with it and the releases set forth herein, shall be without prejudice to the rights of any Party, and of no force or effect; (vi) the Parties shall be returned to their respective positions before the Settlement Agreement was signed; and (vii) the Settlement Amount (less certain costs relating to class notice, settlement administration and any taxes) will be refunded to Société Générale in conformance with Paragraph 22(A) of the Settlement Agreement. Notwithstanding the language in this Section, any

provision in the Settlement Agreement that the Parties have agreed shall survive its termination shall continue to have the same force and effect intended by the Parties.

14.     **Establishment of Fiduciary Account** – The Settlement Fund has been established as a trust and shall be established as a fiduciary account (the "Settlement Fiduciary Account"). The Court further approves the establishment of the Settlement Fiduciary Account under the Settlement Agreement as a Qualified Settlement Fund pursuant to Section 468B of the Internal Revenue Code of 1986, as amended, and the Treasury Regulations promulgated thereunder.

15.     **Retention of Jurisdiction** – Without affecting the finality of the Final Judgment and Approval Order for purposes of appeal, the Court reserves exclusive jurisdiction over the implementation and enforcement of the Settlement Agreement and the Settlement contemplated thereby and over the enforcement of this Final Judgment and Approval Order. The Court also retains exclusive jurisdiction to resolve any disputes that may arise with respect to the Settlement Agreement, the Settlement, or the Settlement Fund, to consider or approve administration costs and fees, including but not limited to fees and expenses incurred to administer the Settlement after the entry of the Final Judgment and Approval Order, and to consider or approve the amounts of distributions to Settlement Class Members. In addition, without affecting the finality of this Final Judgment and Approval Order, Exchange-Based Plaintiffs, Société Générale, and the Settlement Class hereby irrevocably submit to the exclusive jurisdiction of the United States District Court for the Southern District of New York for any suit, action, proceeding or dispute arising out of or relating to this Final Judgment and Approval Order or the Settlement Agreement. Any disputes involving Exchange-Based Plaintiffs, Société Générale, or members of the Settlement Class concerning the implementation of the Settlement Agreement shall be submitted to the Court except

as to those matters identified in the Settlement Agreement that are to be resolved by mediation or arbitration.

16. **Covenant Not to Sue** – Each member of the Settlement Class must execute a release and covenant not to sue in conformity with the Settlement Agreement, as incorporated into the Proof of Claim and Release form, in order to receive the Settlement Class Member's share, if any, of the Net Settlement Fund. The Court hereby directs that the Settlement Administrator shall ensure that each Proof of Claim and Release form provided to members of the Settlement Class contains a copy of such release and covenant not to sue. However, each member of the Settlement Class's Released Claims shall be released as against the Releasees pursuant to Section 12 of the Settlement Agreement, regardless of whether the member of the Settlement Class executes a release and covenant not to sue pursuant to this Section 16.

17. **No Admission** – Neither the Settlement Agreement (nor its exhibits), whether or not it shall become Final, nor any negotiations, documents exchanged between or among counsel for Exchange-Based Plaintiffs and Société Générale in connection with settlement discussions, and discussions associated with them, nor the Final Judgment and Approval Order is or shall be deemed or construed to be or used as an admission, adjudication, or evidence of: (a) any violation of any domestic or foreign statute, law, or regulation or of any liability, fault, wrongdoing or omission by Société Générale or any other Releasee; (b) the truth of any of the claims or allegations asserted or alleged in the Action, or of the Released Claims; (c) the incurrence of any damage, loss or injury by any Person; (d) the existence or amount of any artificiality; or (e) the propriety of certification of a class other than solely for purposes of the Settlement. Further, neither the Settlement Agreement (nor its exhibits), whether or not it shall become Final, nor any negotiations, documents exchanged between or among counsel for Exchange-Based Plaintiffs and Société Générale in

connection with settlement discussions, and discussions associated with them, nor the Final Judgment and Approval Order, may be discoverable, offered or received in evidence, or used directly or indirectly, in any way, whether in the Action or in any other action or proceeding of any nature, by any Person, except if warranted by existing law in connection with a dispute under the Settlement Agreement or an action (including this Action) in which the Settlement Agreement is asserted as a defense.  Notwithstanding anything to the contrary herein, the foregoing sentence does not apply to Cooperation Materials that may in the future be provided by Société Générale to Exchange-Based Plaintiffs' Counsel or that may have been provided by Exchange-Based Plaintiffs to Société Générale in connection with the Settlement insofar as it concerns non-settling Defendants. Moreover, notwithstanding anything to the contrary herein, the Released Parties may file the Settlement Agreement and/or this Final Judgment and Approval Order in any action that may be brought against any of them order to support a defense or counterclaim based on the principles of *res judicata*, collateral estoppel, full faith and credit, release, good faith settlement, judgment bar, or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

18.  **Rule 11 Findings** – The Court finds that, during the course of the Action, Exchange-Based Plaintiffs, Société Générale, and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure as to each other.  Any data or other information provided by members of the Settlement Class in connection with the submission of claims shall be held in strict confidence, available only to the Settlement Administrator, Settlement Class Counsel or experts or consultants acting on behalf of the Settlement Class.  In no event shall a member of the Settlement Class's data or personal

information be made publicly available, except as provided for in the Settlement Agreement, herein, or upon Court order for good cause shown.

19. **Revised Plan of Distribution** – Upon review of the record, the Court finds that the Revised Plan of Distribution [ECF No. 2973] has a reasonable, rational basis and is fair and adequate. Therefore, the Revised Plan of Distribution is hereby finally approved. Consistent with paragraph 16(B) of the Settlement Agreement, the approval of the Revised Plan of Distribution shall in no way disturb or affect this Final Judgment and Approval Order or the Releases provided hereunder and shall be considered separate from this Final Judgment and Approval Order. No Person shall have any claim against Settlement Class Counsel or the Settlement Administrator based on distributions made substantially in accordance with the Settlement Agreements, the Revised Plan of Distribution, or further orders of the Court.

20. **Separate Order** – Settlement Class Counsel's request for attorneys' fees, reimbursement of expenses and Settlement Class Representative service awards shall be the subject of a separate order.

21. **Other Classes** – The Court's certification of the Settlement Class, and appointment of Exchange-Based Plaintiffs as Settlement Class Representatives, as provided herein is without prejudice to, or waiver of, the rights of any Defendant to contest any other request by Exchange-Based Plaintiffs to certify a class, or of Société Générale to contest any request by any other plaintiff(s) to certify a class in this multi-district litigation. The Court's findings in this Final Judgment and Approval Order shall have no effect on the Court's ruling on any motion to certify any class or to appoint class representatives in this litigation, and no party may cite or refer to the Court's approval of the Settlement Class or Settlement Class Representatives as binding or

persuasive authority with respect to any motion to certify such class or appoint class representatives.

22.     **Entry of Order** – There is no just reason for delay in the entry of this Final Judgment and Approval Order, and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

DATED September 17, 2020

HON. NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE

## EXHIBIT A

1. National Credit Union Administration, as liquidating agent for U.S. Central Federal Credit Union, Western Corporate Federal Credit Union, Members United Corporate Federal Credit Union, Southwest Corporate Federal Credit Union and Constitution Corporate Federal Credit Union.
2. Salix Capital US, Inc.
3. The City of Philadelphia and The Pennsylvania Intergovernmental Corporation Authority
4. Prudential Investment Portfolios 2, f/k/a Dryden Core Investment Fund, obo PGIM Core Short-Term Bond Fund (f/k/a Prudential Core Short -Term Bond Fund) and PGIM Core Ultra Short Bond Fund (f/k/a Prudential Core Taxable Money Market Fund)
5. Darby Financial Products and Capital Ventures International
6. Federal Home Loan Mortgage Corporation ("Freddie Mac")