UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: LIBOR-BASED FINANCIAL INSTRUMENTS ANTITRUST LITIGATION | Civ. No. 11-md-2262 (NRB) |
| THIS DOCUMENT RELATES TO: | |
| 33-35 GREEN POND ROAD ASSOC., LLC, on behalf of itself and all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> BANK OF AMERICA CORPORATION, *et al.*, <br><br> Defendants. | Civ. No. 12-cv-5822 (NRB) |
| COURTYARD AT AMWELL II, LLC, *et al.*, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> BANK OF AMERICA CORPORATION, *et al.*, <br><br> Defendants. | Civ. No. 12-cv-6693 (NRB) |

[PROPOSED] FINAL JUDGMENT AND ORDER GRANTING
FINAL APPROVAL OF SETTLEMENT WITH BARCLAYS PLC,
BARCLAYS BANK PLC, AND BARCLAYS CAPITAL INC.

WHEREAS, the following cases are pending before this Court: (1) *33-35 Green Pond Road Assoc., LLC et al. v. Bank of America Corporation, et al.*, Civ. No. 12-cv-5822 (S.D.N.Y.) (NRB) and (2) *Courtyard at Amwell II, LLC, et al. v. Bank of America Corporation, et al.*, Civ. No. 12-cv-6693 (S.D.N.Y.) (NRB) (collectively, the "Non-Defendant OTC Action" or the "Action");

WHEREAS, Plaintiffs 33-35 Green Pond Road Assoc., LLC, Courtyard at Amwell II, LLC, Greenwhich Commons II, LLC, Jill Court Associates II, LLC, Maidencreek Ventures II LP, Raritan Commons, LLC, and Lawrence W. Gardener (collectively, the "Non-Defendant OTC Plaintiffs") have moved, pursuant to Federal Rule of Civil Procedure 23(e), for an order: (a) granting final approval to the settlements with Barclays PLC, Barclays Bank PLC, and Barclays Capital Inc. (collectively "Barclays"), HSBC Bank plc, JPMorgan Chase & Co., JPMorgan Chase Bank, N.A., Bank of America Corporation, Bank of America, N.A., and Citibank, N.A. (collectively, the "Settlements"), (b) certifying the Settlement Classes; (c) granting final approval to the Plan of Allocation; (d) appointing Lite DePalma Greenberg, LLC and Hagens Berman Sobol Shapiro LLP as Class Counsel for the Settlement Classes; and (e) finding that the notice provided to members of the Settlement Classes satisfied Federal Rules of Civil Procedure 23(c)(2)(B) and 23(e)(1), due process, and any other applicable law;

WHEREAS, the Court has considered the Barclays Settlement and other documents submitted in connection with Non-Defendant OTC Plaintiffs' Motion for Final Approval of Settlements with Barclays PLC, Barclays Bank PLC, and Barclays Capital Inc., HSBC Bank plc, JPMorgan Chase & Co., JPMorgan Chase Bank, N.A., Bank of America Corporation, Bank of America, N.A., and Citibank, N.A., and good cause appearing therefor;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. This Court has subject matter jurisdiction over this Action and, solely for purposes of effectuating the Barclays Settlement and subject to the express limitations contained in the Barclays Settlement Agreement, personal jurisdiction over Non-Defendant OTC Plaintiffs, Barclays, and all Barclays Class Members.[1]

2. All terms in initial capitalization used in this Final Judgment and Order shall have the same meanings as set forth in the Barclays Settlement Agreement, unless otherwise defined herein.

### I. FINAL APPROVAL OF THE BARCLAYS SETTLEMENT

3. Upon review of the record, including the orders preliminarily approving the Barclays Settlement and the submissions in support of the Settlements and preliminary approval, the Court finds that the Barclays Settlement resulted from arm's-length negotiations between highly experienced counsel and falls within the range of possible approval.

4. Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the Court hereby grants final approval to the Barclays Settlement on the basis that it is fair, reasonable, and adequate as to, and in the best interests of, all Barclays Class Members, within the meaning of, and in compliance with all applicable requirements of the Federal Rule of Civil Procedure; the Court directs the Barclays Settlement's consummation according to its terms. In reaching this conclusion, the Court has considered the express language of Rule 23(e) and the factors set forth in *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974), *abrogated on other grounds by Goldberger v. Integrated Resources, Inc.*, 209 F.3d 43 (2d Cir. 2000). Moreover, the Court concludes as follows:

---

[1] "Class Members" refer collectively to members of the Barclays Settlement Class.

a. The Barclays Settlement was negotiated by counsel with significant experience litigating antitrust class actions and are the result of vigorous arm's-length negotiations undertaken in good faith;

b. This Action is likely to involve contested and serious questions of law and fact, such that the value of immediate monetary recovery, in conjunction with the value of the prospective relief set forth in the Barclays Settlement, outweigh the uncertain possibility of future relief after protracted and expensive litigation; and

c. Class Counsel's judgment that the Barclays Settlement is fair and reasonable, and the reactions to the Barclays Settlement by members of the Barclays Settlement Class is entitled to great weight.

## II. CERTIFICATION OF BARCLAYS SETTLEMENT CLASS

5. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court certifies, solely for purposes of effectuating the settlement set forth in the Barclays Settlement Agreement, the following settlement class:

> All persons or entities (other than Defendants and their employees, affiliates, parents, and subsidiaries) who purchased a U.S. Dollar LIBOR-Based Instrument from Non-Defendant OTC Financial Institutions and that owned the U.S. Dollar LIBOR-Based Instrument at any time during the period August 2007 through May 2010 ("the Class Period"); provided that, if Plaintiffs expand the Class in any subsequent amended complaint, class motion, or settlement, the Class defined in this Agreement shall be expanded so as to be coterminous with such expansion. ("Barclays Settlement Class")

The Non-Defendant OTC Financial Institutions are the following entities (and any of their subsidiaries, affiliates, predecessors, or successors): Ally Financial Inc.; American Express Company; Bancwest Corporation; The Bank of New York Mellon Corporation; BB&T Corporation; BBVA Compass Bancshares, Inc.; BMO Harris Bank, N.A.; Capital One Financial

Corporation; Fifth Third Bancorp; Goldman Sachs Group, Inc.; Harris Financial Corporation; Keycorp Cleveland; M&T Bank Corporation; Metlife, Inc.; Morgan Stanley; Northern Trust Corporation; The PNC Financial Services Group, Inc.; Regions Financial Corporation; State Street Corporation; Suntrust Banks, Inc.; The Toronto-Dominion Bank; Unionbancal Corporation; U.S. Bancorp; and Wells Fargo & Company.

6. The Court's certification of the Barclays Settlement Class as provided herein is without prejudice to, or waiver of the rights of, any defendant to contest certification of any other class proposed in these actions (*i.e.*, the actions included in the above-captioned multi-district litigation). The Court's findings in this Order shall have no effect on the Court's ruling on any motion to certify any class in these actions or on the Court's rulings concerning any defendant's motion, and no party may cite or refer to the Court's approval of the Barclays Settlement Class as persuasive or binding authority with respect to any motion to certify any such class or any defendant's motion. The findings that follow in Paragraphs 7-8 are limited to this Final Judgment and Order and are made only in the context of the Barclays Settlement.

7. The Court finds that the requirements of Rule 23 are satisfied solely for the purpose of effectuating the Barclays Settlement as follows:

    a. Pursuant to Rule 23(a)(1), the Court determines that the members of the Barclays Settlement Class are so numerous that their joinder before the Court would be impracticable;

    b. Pursuant to Rule 23(a)(2), the Court determines that Non-Defendant OTC Plaintiffs have alleged one or more questions of fact or law common to the Barclays Settlement Class;

c.  Pursuant to Rule 23(a)(3), the Court determines that Non-Defendant OTC Plaintiffs' claims are typical of the claims of the Barclays Settlement Class;

d.  Pursuant to Rule 23(a)(4), the Court determines that Non-Defendant OTC Plaintiffs will fairly and adequately protect the interests of the Barclays Settlement Class;

e.  Pursuant to Rule 23(b)(3), the Court determines that common questions of law and fact predominate over questions affecting only individual members of the Barclays Settlement Class; and

f.  Pursuant to Rule 23(b)(3), the Court determines that a class resolution is superior to other available methods for the fair and efficient adjudication of this Action.

8. If the Effective Date[2] does not occur with respect to the Barclays Settlement because of a failure of a condition that affects the settlement, then certification of the corresponding Barclays Settlement Class shall be deemed null and void.

### III.  CLASS COUNSEL

9. Pursuant to Rule 23(g) of the Federal Rules of Civil Procedure, and solely for settlement purposes, the following firms are designated as settlement class counsel for the Barclays

---

[2] Pursuant to Paragraph 6 of the Barclays' Settlement Agreement, the "Effective Date" of the settlement shall be the date when all of the following events shall have occurred and shall be conditioned on the occurrence of all of the following events: "(i) Except with respect to Cooperation Obligations, which obligations are ongoing as provided herein, the Parties have fulfilled all of their obligations undertaken pursuant to this Agreement; (ii) Entry of the Preliminary Approval Order; (iii) Final Approval by the Court of the settlement set forth in this Agreement, following Class Notice and the Fairness Hearing; (iv) No Party has exercised his, her, or its rights set forth herein to terminate this Agreement; and (v) Entry by the Court of a Final Judgment and Order of Dismissal, and the Final Judgment and Order of Dismissal becomes final, or, in the event that the Court enters an Alternative Judgment and neither Class Plaintiffs nor Barclays elects to terminate this Agreement, and such Alternative Judgment becomes final."

Settlement Class ("Class Counsel"): Lite DePalma Greenberg, LLC and Hagens Berman Sobol Shapiro LLP.

## IV. CLASS NOTICE

10. Upon review of the record, the Court finds that members of the Barclays Settlement Class were provided direct notice of the Barclays Settlement as well as publication notice and Internet notice, which constituted due, adequate, and sufficient notice of the Barclays Settlement; the Court further finds that the notice provided to members of the Barclays Settlement Class was the best practicable notice under the circumstances, and that it satisfied the requirements of Federal Rules of Civil Procedure 23(c)(2)(B) and 23(e)(1), due process, and any other applicable law. No Barclays Class Member is relieved from the terms of the Barclays Settlement, including the releases provided for therein, based upon the contention or proof that such class member failed to receive actual or adequate notice. A full opportunity has been offered to all class members to object to the Barclays Settlement and to participate in the hearing thereon.

## V. OTHER PROVISIONS

11. The Court approves and directs the implementation of all the terms of the Barclays Settlement.

12. If this Final Judgment and Order is set aside, materially modified, or overturned by this Court or on appeal, and is not fully reinstated on further appeal, this Final Judgment and Order certifying the Barclays Settlement Class shall be vacated *nunc pro tunc*.

13. Except as to any individual claim of those Persons who have validly and timely requested exclusion from the Barclays Settlement Class ("Opt-Outs"),[3] all Released Parties[4], and all Releasing Parties[5] are bound by this Final Judgment and Order and by the Barclays Settlement Agreement.

14. The Court dismisses the Non-Defendant OTC Action, and hereby bars all Released Claims,[6] against any of the Released Parties by the Releasing Parties, with prejudice. The Parties are to bear their own costs, except as otherwise provided in the Barclays Settlement.

---

[3] The Opt-Outs to the Settlements are listed in Exhibit A to this Order.

[4] Pursuant to Paragraph 2(aa) of the Barclays Settlement Agreement, "Released Parties" are defined as "Barclays and each of its past or present direct and indirect parents (including holding companies), subsidiaries, affiliates, associates (all as defined in SEC Rule 12b-2 promulgated pursuant to the Securities Exchange Act of 1934), predecessors, successors, and each of their current and former respective officers, directors, employees, agents, attorneys, legal or other representatives, trustees, heirs, executors, administrators, advisors, and assigns. Released Parties does not include: (1) any of the other Defendants; or (2) any other Person formerly named as a party in the Non-Defendant OTC Action."

[5] Pursuant to Paragraph 2(bb) of the Barclays Settlement Agreement, "Releasing Parties" are defined as "Individually and collectively, Class Plaintiffs and each Non-Defendant OTC Class Member, on behalf of themselves and any of their respective past or present officers, directors, stockholders, agents, employees, legal representatives, partners, associates, trustees, parents, subsidiaries, divisions, affiliates, heirs, executors, administrators, purchasers, predecessors, successors, and assigns, and any other Person or entity on behalf of whom Class Plaintiffs and each Non-Defendant OTC Class Member has a legal right to make or release claims, whether or not they object to this Settlement Agreement."

[6] Pursuant to Paragraph 2(z) of the Barclays Settlement Agreement, "Released Claims" are defined as "Any and all manner of claims, causes of action, cross-claims, counter-claims, charges, liabilities, demands, judgments, suits, obligations, debts, setoffs, rights of recovery, or liabilities for any obligations of any kind whatsoever (however denominated), whether class or individual, in law or equity or arising under constitution, statute, regulation, ordinance, contract, or otherwise in nature for fees, costs, penalties, fines, debts, expenses, attorneys' fees, and damages, whenever incurred, and liabilities of any nature whatsoever (including joint and several), known or unknown, suspected or unsuspected, asserted or unasserted, arising from or relating in any way to any conduct alleged or that could have been alleged in and arising from the factual predicate of the Non-Defendant OTC Action; provided, however, that Released Claims do not include: (1) claims that are the subject of the Exchange-Based Plaintiffs' Action; (2) claims that are the subject of the Bond-Holder Plaintiffs' Action; (3) claims that are the subject of the OTC Action; (4) claims arising under foreign law related to transactions outside the United States; or (5) claims to enforce any of the terms of this Agreement. For the avoidance of doubt, Released Claims does not include claims relating to or arising out of the purchase of non-U.S. Dollar LIBOR-Based Instruments, claims to complete the settlement, and general commercial disputes regarding U.S. Dollar LIBOR-Based Instruments."

15. Any Opt-Outs that have timely and validly requested exclusion from the Barclays Settlement Class and are hereby excluded from the Barclays Settlement Class, are not bound by this Final Judgment and Order as it relates to the Barclays Settlement, and may not make any claim or receive any benefit from the Barclays Settlement, whether monetary or otherwise.

16. Upon the Effective Date, the Releasing Parties: (a) shall be deemed to have hereby fully and irrevocably waived, released, relinquished, and discharged all Released Claims against the Released Parties, regardless of whether such Releasing Party executes and delivers a proof of claim; (b) shall be forever enjoined from prosecuting in any forum any Released Claims against any of the Released Parties; and (c) agree and covenant not to sue any of the Released Parties on the basis of any Released Claims or to assist any third party in commencing or maintaining any suit against any Released Party related in any way to any Released Claims.

17. This Final Judgment and Order shall not affect, in any way, the right of the Releasing Parties to pursue claims, if any, outside the scope of the Released Claims.

18. The Settlements, acts performed in furtherance of the Barclays Settlement and/or documents executed in furtherance of the Barclays Settlement may not be deemed or used as evidence of an admission or other statement supporting: (a) the validity of any claim made by Non-Defendant OTC Plaintiffs, Barclays Class Members, or Class Counsel (including the appropriateness of class certification); (b) any wrongdoing or liability of the Released Parties; or (c) any fault or omission of the Released Parties in any court, administrative agency, or other proceeding.

19. The Barclays Settlement shall not be offered or be admissible in evidence against Released Parties in any action or proceeding, except in an action or proceeding that is in

furtherance of the Barclays Settlement's terms or brought to enforce its terms. Notwithstanding the foregoing, the Barclays Settlement may be filed in an action to enforce or interpret the terms of the settlement and any other documents executed in connection with the performance of the agreements embodied therein. The Released Parties may file the Barclays Settlement and/or this Final Judgment and Order in any action that may be brought against them in order to support a defense or counterclaim based on the principles of *res judicata*, collateral estoppel, full faith and credit, release, good faith settlement, judgment bar, or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

20. Any order entered regarding the motion for attorneys' fees and expenses in this Action shall in no way disturb or affect this Final Judgment and Order and shall be considered separate from this Final Judgment and Order.

21. If this Final Judgment and Order is set aside, materially modified, or overturned by this Court or on appeal, and is not fully reinstated on further appeal, this Final Judgment and Order shall be deemed vacated and shall have no force or effect whatsoever. In the event the Barclays Settlement is terminated in accordance with its terms, is vacated, is not approved, or the Effective Date fails to occur for any reason, then the Parties shall be deemed to have reverted to their respective status as of the Execution Date without prejudice and shall comply with all applicable provisions of the Barclays Settlement Agreement.

22. Without affecting the finality of this Final Judgment and Order in any way, this Court hereby retains exclusive continuing jurisdiction over: (a) implementation of the Barclays Settlement; (b) hearing and determining applications for attorneys' fees, costs, expenses, and

service awards to the Non-Defendant OTC Plaintiffs; and (c) all parties hereto for the purpose of construing, enforcing, and administering the Barclays Settlement.

23. To the extent permitted by law, the Court bars claims against the Released Parties for contribution or indemnification (however denominated) for all or a portion of any amounts paid or awarded in the Non-Defendant OTC Action by way of any settlement, judgment or otherwise by any of the following:

    a. Any of the other Defendants currently named in the Non-Defendant OTC Action;

    b. Any other Person[7] formerly named as a party in the Non-Defendant OTC Action; or

    c. Any other Person subsequently added or joined as a party in the Non-Defendant OTC Action.

Notwithstanding the foregoing, should any court determine that any Defendant or Person is or was legally entitled to any kind of contribution or indemnification from the Released Parties arising out of or related to Released Claims, the Releasing Parties agree that any money judgment subsequently obtained by the Releasing Parties against any Person or Defendant shall be reduced to an amount such that, upon paying the entire amount, the Person or Defendant would have no claim for contribution, indemnification, or similar claims (however denominated) against the Released Parties.

---

[7] Pursuant to Paragraph 2(x) of the Barclays Settlement Agreement, "Person" is defined as "An individual, corporation, limited liability corporation, professional corporation, limited liability partnership, partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, municipality, state, state agency, any entity that is a creature of any state, any government or any political subdivision, authority, office, bureau or agency of any government, and any business or legal entity, and any spouses, heirs, predecessors, successors, representatives, or assignees of the foregoing."

24. To the extent permitted by law, the Court bars claims by the Released Parties for contribution or indemnification (however denominated) for all or a portion of any amounts paid or awarded in the Non-Defendant OTC Action by way of any settlement, judgment or otherwise against any of the following:

    a. Any of the other Defendants currently named in the Non-Defendant OTC Action;

    b. Any other Person formerly named as a party in the Non-Defendant OTC Action; or

    c. Any other Person subsequently added or joined as a party in the Non-Defendant OTC Action.

25. There is no just reason for delay in the entry of this Final Judgment and Order, and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

DATED: October 27, 2020

                                                  HON. NAOMI REICE BUCHWALD
                                                  UNITED STATES DISTRICT JUDGE

**Exhibit A**

**List of Requests to Opt-Out of the Barclays Settlement**

1. The City of Philadelphia, Pennsylvania
2. The Pennsylvania Intergovernmental Cooperation Authority
3. Salix Capital US, Inc.
4. Darby Financial Products
5. Capital Ventures International
6. Prudential Investment Portfolios 2, f/k/a Dryden Core Investment Fund, o/b/o PGIM Core Short-Term Bond Fund (f/k/a Prudential Core Short-Term Bond Fund)
7. PGIM Core Ultra Short Bond Fund (f/k/a Prudential Core Taxable Money Market Fund
8. National Credit Union Administration as liquidating agent for U.S. Central Federal Credit Union
9. National Credit Union Administration as liquidating agent for Western Corporate Federal Credit Union
10. National Credit Union Administration as liquidating agent for Members United Corporate Federal Credit Union
11. National Credit Union Administration as liquidating agent for Southwest Corporate Federal Credit Union
12. National Credit Union Administration as liquidating agent for Constitution Corporate Federal Credit Union.
13. The Charles Schwab Corporation
14. Charles Schwab Bank, N.A.
15. Charles Schwab & Co., Inc.
16. Schwab Money Market Fund, a series of The Charles Schwab Family of Funds
17. Schwab Value Advantage Money Fund, a series of the Charles Schwab Family of Funds
18. Schwab Retirement Advantage Money Fund, a series of the Charles Schwab Family of Funds
19. Schwab Investor Money Fund, a series of the Charles Schwab Family of Funds
20. Schwab Advisor Cash Reserves, a series of the Charles Schwab Family of Funds
21. Schwab Cash Reserves, a series of the Charles Schwab Family of Funds
22. Schwab U.S. Dollar Liquid Assets Fund, a series of the Charles Schwab Worldwide Funds, plc
23. Schwab Short-Term Bond Market Fund, a former series of Schwab Investments
24. Schwab Total Bond Market Fund, a former series of Schwab Investments
25. Schwab Yield Plus Fund, a former series of Schwab Investments;
26. Schwab YieldPlus Liquidation Trust
27. Federal Home Loan Mortgage Corporation
28. The Federal Deposit Insurance Corporation as Receiver for Amcore Bank, N.A.
29. The Federal Deposit Insurance Corporation as Receiver for IndyMac Bank, F.S.B.
30. The Federal Deposit Insurance Corporation as Receiver for Lydian Private Bank
31. The Federal Deposit Insurance Corporation as Receiver for Washington Mutual Bank
32. The Federal Deposit Insurance Corporation as Receiver for Westernbank Puerto Rico
33. Principal Financial Group, Inc.

34. Principal Commercial Funding II, LLC
35. Principal Mortgage Value Investors A, LLC
36. Principal Capital Interest Only I, LLC
37. Bay Area Toll Authority